The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Liberty Mutual Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The issue for determination is whether the plaintiff has contracted a compensable occupational disease, and if so, to what benefits is she entitled under the Act.
5. The date of onset of the alleged occupational disease is February 22, 1993.
6. The plaintiff attempted to resume employment with the defendant-employer on March 22, 1993 and was back out of work as of March 25, 1993.
7. The parties stipulated fifty-four pages of medical reports, short term disability records, Commission Forms, and a videotape of plaintiff's job into the record.
8. The plaintiff's average weekly wage was $345.00, which yields a compensation rate of $230.01.
9. The parties stipulated that the plaintiff received short term disability in the amount of $1,557.14, through the employer-sponsored plan.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The plaintiff was employed as a creeler and a warper. Her creeling duties included taking material out of a box on a spool, putting the spool in the machine, tying knots to transfer the material from the cones, and placing material on the beam. The machine had 250 positions in a row to be supplied with material. Warping required the plaintiff to pull the knots through, reeding the thread into the machine, and retying ends if they break. The plaintiff operated five machines at one time, with three operators on each machine. A machine had a total of 1,000 ends to each creel.
2. The plaintiff was right-hand dominant, although she did more of her duties with the left hand. The plaintiff was a fifty-seven year old female who had pre-existing chronic pain and fibromyalgia due to degenerative osteoarthritis which was more severe in her hips and spine. The plaintiff has an eighth grade education. She began to experience right-hand pain on or about August 26, 1994, since leaving her employment. The right-hand pain was caused by her arthritis and is not causally related to her work.
3. On February 22, 1993, the plaintiff reported experiencing severe pain in her left arm, hand, and wrist to James Chappel, her supervisor.
4. On February 26, 1993, the plaintiff was seen by Dr. Edwin Bartlett, at which time she complained of left wrist pain since February 21, 1993. Dr. Bartlett suspected de Quervain's tenosynovitis, although all wrist films were negative. Dr. Bartlett planned to inject the plaintiff's left wrist, and found her capable of returning to work after the wrist pain resolved.
5. The plaintiff completed a disability form on March 29, 1993 on which she noted that her disability was not caused by her employment. She listed a disability due to carpal tunnel syndrome of her upper left extremity and hypertension with tenosynovitis. Dr. Leonard Reaves, plaintiff's family doctor, completed the physician's portion of the form, noting that her conditions were not a result of her employment.
6. Dr. Reaves referred the plaintiff to an orthopedic surgeon, Dr. Thomas Bergfield. It was Dr. Bergfield's opinion that the plaintiff's left wrist condition was caused by the aging process and that she was at maximum medical improvement as of May 19, 1994.
7. There is insufficient medical evidence in the record from which to prove by the greater weight that the plaintiff's job at defendant-employer placed her at an increased risk of developing left wrist pain than other members of the general public. Furthermore, there is insufficient medical evidence in the record from which to prove by the greater weight that the plaintiff's condition was causally related to her employment or that the condition was characteristic of and peculiar to her employment.
8. There is insufficient evidence of record from which to prove by the greater weight that plaintiff sustained an injury by accident within the meaning of N.C. Gen. Stat. § 97-2(6).
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
The plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease within the meaning of N.C. GEN. STAT. § 97-53(13). This requires the plaintiff to show that (1) the disease must be characteristic of a trade or occupation; (2) the disease must not be an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there must be proof of causation. Hansel v. Sherman Textiles, 304 N.C. 44,283 S.E.2d 101(1981). In the instant case, the plaintiff has failed to sustain her burden of proof that her left wrist condition was causally related to her employment, was characteristic of and peculiar to her employment, or that the employment placed her at an increased risk of developing the condition.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall bear its own costs.
This the ___ day of December 1997.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________ J. HOWARD BUNN JR. CHAIRMAN
S/ _______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/bjp